# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael Schmidt
and Deborah Barker

v.

HSBC Bank USA, N.A.

September 1, 2011

Case No. CL10-4452

By Judge Melvin R. Hughes, Jr.

In this case plaintiffs, who are owners of real property with a security interest attached thereto by a deed of trust, seek declaratory and other relief on the ground that the defendant bank has no right to foreclose as an assignee of the deed of trust note. Essentially, plaintiffs allege the land records of this court do not have any documents showing the transfer or assignment of the instant note to defendant; thus, the defendant is without authority to initiate foreclosure proceedings. The case is before the court on the bank's demurrer and motion craving oyer.

In the motion craving oyer, defendant seeks a number of documents referenced in plaintiffs' Petition for Temporary Restraining Order and Preliminary Injunction and a First Amended Complaint. Among these are the deed of trust and two separate letters dated September 17, 2010, notifying plaintiffs of a default on the loan payment obligations. The court will allow the motion craving oyer. With these documents in place, they can be construed along with the allegations to determine legal sufficiency. *Ward's Equip., Inc. v. New Holland North Am.*, 254 Va. 379, 382 (1997). The court will sustain the demurrer.

First, as the deed of trust, section 20, requires, plaintiffs are due to provide a prior notice to defendant or any owner of the debt of the claims asserted herein. Plaintiffs have not alleged compliance with this requirement.

Second, as characterized, plaintiff is asserting a "show me the note" claim. This is contrary to Virginia's non-judicial foreclosure regime and is otherwise not supported by any sufficient factual allegation. Under Virginia Code § 55-59.1(B):

> If a note or other evidence secured by a deed of trust is lost or for any reason cannot be produced . . . the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is not available and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice.

Thus, any inability to produce a note is unavailing to render a foreclosure sale invalid. Here, defendant is the only entity/owner said to assert an interest in the underlying note.

Here, the pleadings and documents now included show an admitted default. Among these is the initial Interest Adjustable Note bearing three stamps and signatures "payable without recourse." This suggests that the original lender, EVB Mortgage, assigned the note to Wells Fargo Bank. And while there is no indication that defendant, HSBC, has any involvement based on the allegation that HSBC lacks any facial right to enforce the deed of trust or note and thus not a holder in due course, there is no requirement in Virginia that an instrument of assignment be recorded. (See Va. Code § 55-66.01.1.)

Last, plaintiffs have not alleged sufficient facts for protection under Va. Code § 55-59.1(B). That statute does not apply because *inter alia* the trustee has authority to proceed to foreclose without the note as of the time of the September 17, 2010, letter. Without any allegation that there are other defendants seeking to collect on the debt, plaintiffs are allegedly protected against a loss that might occur by reason of a claim by a third party to enforce the note. Plaintiffs' assertion that they have concerns that others may subject them to claims under the note is not sufficient to establish, for pleading purposes, the presence of competing claims. Besides, defendant has stated that the court can condition the sale on adequate protection and require some form of indemnification against potential third-party claimants.

Accordingly, the demurrer is sustained. Plaintiffs shall have leave to amend within fifteen days of entry, and defendant shall respond within ten days of receipt of any amended pleading. If plaintiffs choose not to amend, the order shall dismiss with prejudice.